# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00155-SNLJ |
| | ) |
| STEPHANIE UNKNOWN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Christopher L. Robinson for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified inmate account statement as required by 28 U.S.C. § 1915(a)(2), instead providing the Court with a printout titled "account summary." (Docket No. 3). Nevertheless, having reviewed the information contained in the motion and the account summary, the Court will order plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Nurse Stephanie Unknown, COII Mike McMeans, Jail Administrator Mike Jones, Dr. John Montgomery, and the Butler County Justice Center as defendants. (Docket No. 1 at 2-4). Nurse Stephanie, COII McMeans, and Dr. Montgomery are sued in both their official and individual capacities, while Jail Administrator Jones is sued in his individual capacity only. The complaint concerns the alleged deliberate indifference to plaintiff's medical needs while he was an inmate at the Butler County Justice Center.

In his "Statement of Claim," plaintiff asserts that he was booked into the Butler County Justice Center on June 28, 2020. (Docket No. 1 at 5). At the time, he advised the booking officer that he was "HIV positive."

On June 29, 2020, plaintiff states that he "walked up to the intercom in the wing and told the officers in the control room that [he] wanted to self-declare because [he] was bleeding" from two holes in his legs the size of half-dollars. In response, plaintiff "was told to take a shower and to cover the sores with toilet paper."

On July 2, 2020, plaintiff "put in a medical request form to the nurse asking if [he] could [be] seen by the nurse or the doctor about [his] HIV and possibly be put on the phone with the health [department]." Plaintiff asserts that he did not receive a response from the request form.

On July 18, 2020, plaintiff states that he "was having problems with infections all over [his] chest, back and face that [were] bleeding" and emitting pus. He also "had thrush in [his] mouth and [esophagus]," a "yeast infection in [his esophagus]," "swollen and bleeding" gums, and "black floaties" in his "right eye." According to plaintiff, the "nurse put [him] in to see the doctor," and proscribed mouthwash and non-prescription eyedrops. (Docket No. 1 at 5-6). For the sores on his neck, face, back and chest, the nurse gave him "a handful of band-aides." (Docket No. 1 at 6). Plaintiff complains that he was charged $15 to see the doctor, and $5 for each of the items he was given.

On either July 25 or July 26, 2020, plaintiff was told by the nurse that he was going to see a representative from the Butler County Health Department. During this "whole time," he asserts that he was "telling the nurse that [he was] losing sight in [his] right eye," but the nurse just kept "charging [him] more money for medications without seeing a doctor." Plaintiff contends that having to pay for his healthcare makes it impossible for him to purchase soap and other items to

keep himself clean, and that he only got a single pair of clothes, which he bled over, requiring him to walk "around in bloody uniforms with all kinds of infections." (Docket No. 1 at 6-7).

On August 15, 2020, plaintiff "could no longer see out of [his] right eye," and was experiencing a burning, itching sensation. (Docket No. 1 at 7). He was seen by Dr. Montgomery, who asked him if he "was allergic to any medications." Plaintiff advised Dr. Montgomery that he had suffered an allergic reaction to Bactrim that required a trip to the hospital. Dr. Montgomery put plaintiff on an antibiotic for his thrush, sores, and yeast infection. Despite knowing about plaintiff's allergy, plaintiff alleges that Dr. Montgomery prescribed him Bactrim anyway. Plaintiff later had an allergic reaction to the Bactrim that required a trip to the emergency room.

On August 22, 2020, plaintiff was seen by a representative of the Butler County Health Department. (Docket No. 1 at 8). He received blood test results that showed he had syphilis, Hepatitis C, and "full blown AIDS." When his public defender sought a medical bond "due to the jail letting [his] health deteriorate," the nurse "told the judge that they had it under control."

In October 2020, plaintiff states that Nurse Stephanie told him that he "had gotten rid of [his syphilis]." (Docket No. 1 at 9). Just under a year later, however, he was informed by a prison nurse that he still had syphilis, requiring shots of penicillin.

Lastly, on November 3, 2020, plaintiff was taken to a doctor for an eye examination, and was prescribed prednisone and atropine drops. (Docket No. 1 at 8). He was also scheduled for a follow-up in two weeks, but alleges that he was never taken back to the eye doctor. Plaintiff states that he is "still blind in [his] right eye."

Based on this alleged lack of proper medical care, plaintiff states that he is "now blind in [his] right eye," and that he is in pain every time he urinates due to the syphilis "that the jail did not treat [and that] they lied to [him and] told [him he] got rid of it." (Docket No. 1 at 13). He also

asserts that he has severe scarring on his face, back, and chest. As a result, he seeks $1.5 million in damages, and for all his medical expenses to be paid. (Docket No. 1 at 14).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to his medical needs. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court has determined that his complaint is deficient and subject to dismissal. However, the Court will give plaintiff an opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient and subject to dismissal for four reasons. First, his claim against the Butler County Justice Center fails, because a county jail is not a suable entity. *See Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (explaining that "county jails are not legal entities amenable to suit").

Second, plaintiff has not adequately stated official capacity claims against Nurse Stephanie, COII McMeans, and Dr. Montgomery. In an official capacity claim against an individual, the claim is actually against the governmental employer. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). As these defendants are alleged to be employed by the Butler County Justice Center, the official capacity claims against them are actually claims against Butler County itself, their employer. However, plaintiff has not stated a municipal liability claim against the county. *See Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir.

2018) (recognizing municipal liability "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Third, with regard to the individual capacity claims against COII McMeans and Jail Administrator Jones, plaintiff does not mention either McMeans or Jones in the "Statement of Claim." Without any factual allegations, plaintiff obviously cannot state a claim sufficient for purposes of initial review. The Court notes that elsewhere in the complaint, plaintiff mentions that defendants McMeans and Jones did not respond to his grievances. This does not state a constitutional violation, however, as a grievance procedure does not confer a substantive right. *See Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (agreeing with district court that "defendants' denial of [plaintiff's] grievances did not state a substantive constitutional claim").

Finally, plaintiff has likewise failed to state individual capacity claims against Nurse Stephanie and Dr. Montgomery. To the extent that plaintiff specifically mentions these defendants in the "Statement of Claim," he accuses them of not treating his medical issues in the way he desired, and of committing malpractice by prescribing an antibiotic to which he was allergic, and telling him that he no longer had syphilis, even though he claims he did. To prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). *See also Cejvanovic v. Ludwick*, 923 F.3d 503, 507 (8th Cir. 2019) (stating that a "mere disagreement with treatment decisions…does not rise to the level of a constitutional violation"); and *Kulkay v. Roy*, 847 F.3d

637, 643 (8th Cir. 2017) (stating that mere negligence or inadvertence does not rise to the level of deliberate indifference).

Because plaintiff is a self-represented litigant, he will be given the opportunity to cure these deficiencies by filing an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions in preparing his amended complaint.

### B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper, as he did in the original complaint. However, all the defendants must be clearly listed.

Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

The amended complaint should only include claims that arise out of the same transaction or occurrence. **In other words, plaintiff should only include claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each

claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. For example, if plaintiff is suing Dr. Montgomery, he should write Dr. Montgomery's name. Below the name, plaintiff should provide factual allegations indicating what Dr. Montgomery allegedly did or did not do to harm him.

Relatedly, if plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). This means that plaintiff must make specific allegations against each of the defendants he has named in his complaint.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is

not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within **thirty (30) days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 4). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."

10

*Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As discussed above, plaintiff's complaint is deficient, and he has been ordered to submit an amended complaint. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form in accordance with the instructions set forth above within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 25th day of January, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE